

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,210-01

### EX PARTE NICHOLAS RYAN ONEAL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR18223-A IN THE 271ST DISTRICT COURT
### FROM WISE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to thirty years' imprisonment. The Second Court of Appeals affirmed his conviction. *O'Neal v. State*, No. 02-16-00217-CR (Tex. App. — Fort Worth August 24, 2017) (not designated for publication.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has considered Applicant's other claim and finds it to be without merit.

because trial counsel failed to request an instruction on the lesser-included offense of possession of a controlled substance, failed to file a motion to suppress the evidence on the basis of an unlawful warrantless search and seizure, and failed to subpoena the other occupant of the vehicle in which Applicant was sitting at the time of his arrest.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether there was any evidence indicating that if Applicant was guilty it was only of the lesser offense of possession of a controlled substance. Trial counsel shall state whether Applicant pleaded true to prior sequential felony convictions, and whether Applicant would have been subject to a lower punishment range if he were convicted of the offense of possession of a controlled substance without the intent to deliver. Trial counsel shall state whether there was any basis upon which he could have filed a motion to suppress the evidence, and if so, why counsel did not file such a motion. Trial counsel shall state whether the other occupant of the vehicle in which Applicant was arrested took responsibility for the drugs, and if so, whether the other occupant was available and willing to testify to this fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 21, 2019

Do not publish